IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOAQUIN CONTRERAS, | ) |
| Plaintiff, | ) ) ) ) Civil Action No.: 06 C 2156 |
| v. | ) ) Suzanne B. Conlon, Judge |
| OFFICER BRIAN PURTELL, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Joaquin Contreras ("Contreras"), a former inmate in the Cook County Jail, sues Officer Brian Purtell ("Purtell") under 42 U.S.C. § 1983 and the Eighth Amendment, for failing to protect him from an attack by another inmate at the Cook County Jail. He seeks compensatory and punitive damages from Purtell. Purtell moves for summary judgment.

## I. BACKGROUND FACTS

The following facts are undisputed unless otherwise noted. This dispute arises out of an incident occurring on May 9, 2005. On that date, Contreras was an inmate in the maximum security Cook County Jail, assigned to Division 10, tier 3B. Def. Facts ¶ 1. Purtell was a correctional officer in Division 10. *Id.* ¶ 2. Division 10 was on lockdown on May 9, 2005. Pl. Facts. ¶ 3. This meant that detainees were locked in their cells for 23 hours per day. Def. Facts ¶ 4. The lockdown period ended sometime between 3:00 p.m. and 4:00 p.m. that day. Pl. Facts ¶ 4.

When the lockdown ended, Purtell began opening individual cells to allow inmates to leave. *Id.* ¶ 5. Purtell opened Contreras' cell. Contreras informed Purtell that an unknown person threatened to hurt him through the cell door. *Id.* ¶ 7. Contreras did not identify the person or tell

Purtell when he might be harmed. *Id.* ¶ 8. Instead, Contreras told Purtell that he wanted to remain in his cell. Def. Facts ¶ 11. Purtell advised Contreras that he had to leave his cell and could not stay inside. *Id.* ¶ 12. Contreras complied, leaving his cell to use the telephone in the dayroom. Pl. Facts ¶ 11. While on the phone, nine to fifteen other inmates began fighting in the dayroom. Def. Facts. ¶¶ 13-14. Contreras felt a sharp pain in his back. He was stabbed, but did not know who or what caused the injury. *Id.* ¶¶ 15-16. After inspecting his back, he ended his phone call, fleeing to hide in the shower room until prison officers arrived. *Id.* ¶¶ 19-20. Contreras and other injured inmates were taken to the medical area. *Id.* ¶ 25. Contreras was eventually taken to a local hospital to be treated. *Id.* ¶ 26.

Contreras was not involved in any altercations at the jail prior to the May 9, 2005 incident. Contreras Dep. at 14: 1-2. He was unaware that a fight would start in the dayroom after the lockdown ended. *Id.* ¶ 24.

Purtell argues these undisputed facts do not demonstrate that he had actual knowledge of a specific threat to Contreras' safety, or that he failed to protect Contreras from a known risk of serious harm.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Adelman-Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 665 (7th Cir. 2007). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences in a light most favorable to the non-moving party, a reasonable jury could return a

2

verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). The movant has the burden of establishing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the non-movant must set forth specific facts demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

## III. ANALYSIS

### A. Failure to Protect

To establish a failure to protect claim under the Eighth Amendment, Contreras must show the conditions of his detention posed a substantial risk of serious harm, and that Purtell acted with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A showing of deliberate indifference requires Purtell to have known about a substantial risk of serious injury to Contreras but failed to protect him from the known danger. *Frake v. City of Chicago*, 210 F.3d 779, 781 (7th Cir. 2000). Purtell argues the undisputed facts show that Contreras cannot demonstrate he knew of a substantial risk of serious injury to Contreras.

#### *1) Knowledge of a Specific Threat or Harm*

Contreras may show Purtell had knowledge of a substantial risk of harm by two methods: (i) proof that Contreras complained to Purtell about a specific threat to his safety or (ii) circumstantial evidence of the objective existence of a risk substantial enough to support an inference of his knowledge. *See, e.g., McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991) (discussing specific threats); *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir.1996) (same); *James v. Milwaukee County*, 956 F.2d 696, 700-01 (7th Cir. 1992) (discussing inference of substantial risk). Contreras contends that

3

summary judgment is unwarranted because he sufficiently apprised Purtell that he was threatened by an unknown inmate.

In order to survive summary judgment, Contreras must have communicated to Purtell "actual notice of a specific risk of serious harm," not merely a general fear of assault. *Butera v. Cottey*, 285 F.3d 601, 606 (7th Cir. 2002) (statements "I was scared," "I need to be removed" and "I needed off the block" insufficient to give notice of particularized threat).

Viewing the undisputed facts in a light most favorable to Contreras, his statement to Purtell that he was threatened by an unknown person was not notice of a specific threat. Contreras did not give Purtell any details of the threat, including: who threatened him, the nature of the threat, where and when the threat would be carried out, or how the harm would occur. After Purtell denied Contreras' request, he was injured during an unforeseen tier-wide melee. *Id.* ¶ 24. Contreras does not identify who threatened him or who injured him. *Id.* ¶¶ 9-10, 15. There is no evidence Purtell had actual knowledge of a specific risk of harm. *See, e.g., Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (no actual knowledge imputed to prison official where plaintiff himself had no actual knowledge of specific threat).

The undisputed record shows that Contreras informed Purtell of his general fear of assault and his wish to remain in his cell. This information was insufficient to constitute notice of a specific threat. *See, e.g., Klebanowski v. Sheahan*, No. 04 C 5878, 2006 WL 1443791, at *4 (N.D. Ill. May 22, 2006) (Kendall, J.) (expressing a general fear of assault is insufficient to provide notice to prison officials); *Anderson v. Godinez*, No. 94 C 7757, 1997 WL 786653 (N.D. Ill. Dec. 16, 1997) (Holderman, J.) (same).

*2) Knowledge of an Obvious Risk*

Contreras contends that even if actual notice of a specific threat was not given, Purtell's deliberate indifference stems from his failure to protect him from an objectively substantial risk of harm. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). He argues in conclusory fashion that Purtell had "firsthand knowledge of inmates in Division 10 being severly [sic] beaten or stabbed by other inmates very often." Pl. Mem. at 1. However, Contreras points to nothing in the record to support this assertion. There is no basis in the record to support a reasonable inference that Contreras was subject to a risk of substantial harm. As Contreras admitted, he did not know who threatened him or attacked him. Def. Facts ¶ 10. He was not previously involved in any altercations or arguments with other detainees. Def. Facts ¶ 15. Nor did he know that a fight would ensue in the dayroom after the lockdown period ended. *Id.* ¶ 24. These undisputed facts do not suggest that Contreras was subject to a heightened risk of substantial harm. Summary judgment is therefore warranted.

ENTER:

*[signature]*

Suzanne B. Conlon
United States District Judge

November 28, 2007